**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

ALISON MACERA,

                    Plaintiff,

v.

AMERICAN HERITAGE LIFE INSURANCE
COMPANY DBA ALLSTATE BENEFITS,

                    Defendant.

C.A. No. 1:25-cv-252

## NOTICE OF REMOVAL

Defendant American Heritage Life Insurance Company[1], for the purpose only of removing this cause to the United States District Court for the District of Rhode Island, states:

## I. STATE COURT ACTIONS

1.     **State Court Action.** Plaintiff initiated this action by filing her Original Complaint and Demand for Jury Trial ("Complaint") in the Superior Court of Washington County, Rhode Island on April 25, 2025, Cause No. WC-2025-0233. In her Complaint, Plaintiff asserts claims against Defendant for breach of contract, R.I.G.L. § 9-1-33 statutory bad faith, common law bad faith, R.I.G.L. § 9-1-45 attorney's fees, and R.I.G.L. § 9-1-30 declaratory relief. [*See generally,* Complaint.] Plaintiff seeks to recover compensatory damages, double damages, treble damages, punitive damages, and attorney's fees. [*Id.*]

2.     **Diversity of Citizenship.** This action is removable under 28 U.S.C. §§ 1332, 1441, and 1446 inasmuch as the amount in controversy exceeds $75,000 and is between parties with diverse citizenship. In this regard, Plaintiff is a resident and citizen of Rhode Island. [Complaint,

---

[1] Improperly plead as "American Heritage Life Insurance Company d/b/a Allstate Benefits". As of April 1, 2025, American Heritage Life Insurance Company no longer does business as Allstate Benefits.

¶1.] Defendant, on the other hand, is a Florida corporation, with its principal place of business in Jacksonville, Florida. [**Ex. A**.] Therefore, Plaintiff is a citizen of Rhode Island, and Defendant is a citizen of Florida, for removal and diversity purposes. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Accordingly, removal is proper because there is complete diversity of citizenship between Plaintiff and Defendant at the time of filing suit and at the time of removal.

3.      **Amount in Controversy.** Moreover, the matter in controversy exceeds the sum or value of $75,000. Although the face of the Complaint does not state the amount in controversy, Plaintiff alleges, among other things, that Defendant issued Disability Income Policy no. P3201511 (the "Policy") and thereafter denied her disability claim under the Policy. [**Ex. B**; Complaint, ¶¶ 5, 14-15.] In that regard, Defendant alleges no benefits are payable under the Policy for such claim, but states the benefits, if payable under the Policy, for the period covering July 31, 2024 through May 30, 2025, would total $43,000. [**Ex. B**.[2]] The amount in controversy is measured by the damages that the plaintiff might recover, assuming that the allegations in the complaint are true. *Hogan v. Wal-Mart Stores E., L.P.*, No. CA 13-603 S, 2014 WL 66658, at *4 (D.R.I. Jan. 8, 2014). Here, Plaintiff seeks compensatory damages, double damages, treble damages, punitive damages, and attorney's fees. These allegations are sufficient to establish an amount in controversy that exceeds $75,000. *See Mitchell v. Select Comfort Retail Corp.*, 2020 WL 4049895 (D. Mass July 20, 2020) (holding amount in controversy includes treble damages and attorney's fees). Here

---

[2] The Court may consider affirmative evidence outside of the complaint in support of the amount in controversy. *See Amoch v. Guarantee Trust Life Insurance Co.,* 556 F.3d 41, 51 (1st Cir. 2009) (relying on the defendant's affidavit regarding damages calculations in the amount in controversy analysis); *Deaton v. Liberty Mut. Grp., Inc.*, No. CV 17-233 WES, 2017 WL 5198182, at *1 (D.R.I. Nov. 9, 2017) (same).

taking into account the claim for double and treble damages in addition to monthly benefits (if owing) at time of removal, there is a reasonable probability that the amount in controversy exceeds $75,000. Thus, complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy is satisfied. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action may be removed by Defendant pursuant to 28 U.S.C. § 1441. Venue is proper in this Court under 28 U.S.C. § 1391, as this action was pending in a state court within this district. This action is wholly of a civil nature.

4.　**Removal is Proper.**　Based on the foregoing, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is a reasonable probability that the amount in controversy exceeds $75,000, exclusive of interests and costs, and this action is between citizens of different states. Therefore, this action may be removed pursuant to 28 U.S.C. § 1441. In addition, removal is timely under 28 U.S.C. § 1446(b). In this regard, Defendant was served with summons on May 2, 2025.

5.　**State Court Documents Attached.** An index of matters filed in the state court action is attached hereto as **Exhibit C**. These documents constitute the only pleadings, process, or orders filed in the state court or received by Defendant. Further, a list of Parties and Counsel is attached as **Exhibit D**.

6.　**Notice.**　Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

**Prayer.** Wherefore, Defendant respectfully requests that the United States District Court for the District of Rhode Island accept this Notice of Removal and that it assumes jurisdiction of this cause and grant such other and further relief as may be necessary.

Dated: May 30, 2025

Respectfully submitted,
American Heritage Life Insurance Company,

By its attorneys,

/s/ Paul E. Dwyer
Paul E. Dwyer, Esq. (#3956)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Metro East Office Park
117 Metro Center Boulevard, Suite 1004
Warwick, RI 02886
Ph: 401.298.9001
Fax: 401.921.2134
pdwyer@mdmc-law.com

-and-

Andrew G. Jubinsky*
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Skyler N. Arbuckle*
Texas Bar No. 24140137
skyler.arbuckle@figdav.com
* pro hac vice to be filed
FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX  75202
Telephone: (214) 939-2000
Fax: (214) 939-2090

## CERTIFICATION OF SERVICE

I hereby certify that on this 30th day of May 2025, a copy of the defendant's Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court' CM/ECF System a true and accurate copy of the within was e-filed, email, and mailed to the below individual:

*Counsel for Plaintiff*
Sean M. Parker, Esq.
Borrelli Law
5792 Post Road
East Greenwich, RI 02818
sparker@borrelli.law

/s/ Paul E. Dwyer
Paul Dwyer

4