# EXHIBIT C

Washington County Superior Court

## Case Summary

### Case No. WC-2025-0233

| | | | |
|---|---|---|---|
| **Alison Macera v. American Heritage Life Insurance Co. d/b/a Allstate Benefits** | § | Location: | **Washington County Superior Court** |
| | § | Filed on: | **04/25/2025** |

---

### Case Information

| | |
|---|---|
| Case Type: | Civil Action |
| Case Status: | **04/25/2025 Unassigned** |
| Case Flags: | **Claim for Jury Trial** |

---

### Party Information

| | | | |
|---|---|---|---|
| **Plaintiff** | **Macera, Alison** | | **Parker, Sean Michael** *Retained* |
| **Defendant** | **American Heritage Life Insurance Co. d/b/a Allstate Benefits** | | |

---

### Case Events

| | |
|---|---|
| 04/25/2025 | Complaint Filed |
| 04/25/2025 | Summons |
| 05/06/2025 | Summons Returned Served |
| 05/30/2025 | Entry of Appearance |

---

### Financial Information

| | | | |
|---|---|---|---|
| **Plaintiff** | Macera, Alison | | |
| Total Financial Assessment | | | 180.75 |
| Total Payments and Credits | | | 180.75 |
| **Balance Due as of 05/30/2025** | | | **0.00** |
| 04/25/2025 | Transaction Assessment | | 180.75 |
| 04/25/2025 | Electronic Payment | Receipt # SCW-2025-000407 | (180.75) |

Case Number: WC-2025-0233
Filed In Washington County Superior Court
Submitted: 4/25/2025 10:03 AM
Envelope: 5100276
Reviewer: Emily M.

STATE OF RHODE ISLAND                                SUPERIOR COURT
WASHINGTON, SC

ALISON MACERA

v.                                                   C.A. No. PC-2025-

AMERICAN HERITAGE LIFE INSURANCE COMPANY
DBA ALLSTATE BENEFITS

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Alison Macera ("Macera" or "Plaintiff") hereby makes her complaint and demand for jury trial against Defendant *American Heritage Life Insurance Company* ("AHLIC" or "Defendant") as follows:

### Parties

1.    Macera is an individual resident of the Town of South Kingstown, State of Rhode Island.

2.    Upon information and belief, AHLIC is a corporation organized and formed under the laws of the State of Florida and licensed by the Rhode Island Department of Business Regulation to issue, *inter alia*, Life, Annuities, and Accident/Health insurance policies to persons residing in the State of Rhode Island.

### Jurisdiction

3.    The Superior Court has original and exclusive jurisdiction over the instant matter since this dispute involves, *inter alia*, an action at law in which the amount in controversy exceeds the sum of ten thousand dollars ($10,000.00) pursuant to R.I.G.L. § 8-2-14. In addition, exclusive jurisdiction lies in the Superior Court as this matter involves a claim for declaratory relief pursuant to the Uniform Declaratory Judgments Act (see R.I.G.L. § 9-30-1 et seq.) asking this Court to

l

Case Number: WC-2025-0233
Filed in Washington County Superior Court
Submitted: 4/25/2025 10:03 AM
Envelope: 5100276
Reviewer: Emily M.

declare the rights, status, obligations and other legal relations between the parties concerning a certain insurance policy issued by AHLIC in its capacity as the insurer in favor of Macera, a named insured under the subject policy.

## Venue

4.    Venue properly lies in the County of Washington pursuant to R.I.G.L. § 9-4-4 since Plaintiff resides therein and Defendant does business therein.

## Statement of Facts

5.    For all times relevant to this Complaint, Plaintiff contracted with AHLIC by purchasing a Disability Income Policy offered by Defendant. Defendant issued Plaintiff an insurance policy bearing policy number P3201511 (the "Policy") for the policy period beginning on May 1, 2024, renewable annually up to age 70 (the "Policy Period").

6.    Prior to the issuance of the Policy, Plaintiff completed an application for Life and Health Insurance form produced by Defendant. Within this application was a series of eligibility and underwriting questions, including questions regarding Plaintiff's health history, which were used in deciding whether to issue the Policy.

7.    Plaintiff answered said eligibility and underwriting questions completely and truthfully. Defendant reviewed Plaintiff's application and issued the Policy insuring Plaintiff from certain injuries and disabilities covered under the Policy.

8.    Relying upon representations and assurances presented by AHLIC, Plaintiff entered into a contractual relationship with Defendant by purchasing the Policy.

9.    For all times relevant hereto, Plaintiff performed her contractual obligations under the Policy by remaining current on all payments agreed to by the parties.

10.    On or about July 1, 2024, Plaintiff had a scheduled appointment with Dr. Ramin Tabaddor for a review of an MRI performed on Plaintiff's right hip.

2

Case Number: WC-2025-0233
Filed in Washington County Superior Court
Submitted: 4/25/2025 10:03 AM
Envelope: 5100276
Reviewer: Emily M.

11.    During the appointment noted above, which was on July 1, 2024, Plaintiff was diagnosed with Idiopathic Avascular Necrosis by Dr. Tabaddor.

12.    Plaintiff had no previous history of Idiopathic Avascular Necrosis.

13.    Idiopathic Avascular Necrosis is a debilitating condition where bone tissue dies due to an insufficient blood supply, leading to bone cell death. This condition often requires hip replacement surgery and permanent mobility restrictions.

14.    On or about August 28, 2024, Plaintiff timely filed a claim for disability coverage against the Policy as a result of her primary care physician placing her out of work due to her diagnosis of Idiopathic Avascular Necrosis.

15.    On or about September 18, 2024, Defendant denied Plaintiff's claim for disability coverage under the Policy.

16.    The Policy provides coverage for disability claims such as the one made by the Plaintiff.

17.    Defendant had no reasonable basis for denying Plaintiff coverage with respect to the disability payments owed due to her claim.

18.    Defendant's refusal to honor its contractual obligations under the Policy has caused significant financial harm to Plaintiff.

## Count I
### Breach of Contract

19.    Plaintiff reincorporates the allegations contained in paragraphs 1 through 18 of her Complaint as if fully set forth herein.

20.    The facts set forth above constitute a breach of contract on the part of AHLIC.

21.    Plaintiff has suffered damages as a direct and proximate result of AHLIC's breach of contract.

3

Case Number: WC-2025-0233
Filed in Washington County Superior Court
Submitted: 4/25/2025 10:03 AM
Envelope: 5100276
Reviewer: Emily M.

22.    The amount of Plaintiff's damages will be established at the time of trial.

Wherefore, Macera respectfully requests that this Honorable Court enter judgment against AHLIC for the full amount of Plaintiff's damages, awarding Macera compensatory damages, prejudgment and post-judgment interest, attorney's fees, costs, and such other and further relief as this court deems just and fair.

## Count II
### R.I.G.L. § 9-1-33 Statutory Bad Faith

23.    Plaintiff reincorporates the allegations contained in paragraphs 1 through 22 of her Complaint as if fully set forth herein.

24.    Plaintiff has repeatedly asked AHLIC to provide coverage for her disability covered under the Policy.

25.    AHLIC had no good faith reason for denying coverage since the claim was clearly covered by the Policy. AHLIC relied on medical documentation from Dr. Charlene Ellsworth, who was not the Plaintiff's treating physician.

26.    Plaintiff appealed AHLIC's denial and documented that AHLIC relied on medical documentation from a physician who was not the Plaintiff's treating physician.

27.    AHLIC again denied the Plaintiff's claim based on unreliable medical information

28.    The facts set forth above establish a claim for statutory bad faith against AHLIC pursuant to R.I.G.L. § 9-1-33.

29.    Plaintiff is entitled to compensatory damages along with statutory damages, punitive damages, reasonable attorney's fees and costs incurred in connection with the prosecution of the instant lawsuit.

Wherefore, Macera respectfully requests that judgment enter against AHLIC awarding Plaintiff compensatory damages, statutory damages, punitive damages, prejudgment and post

4

Case Number: WC-2025-0233
Filed in Washington County Superior Court
Submitted: 4/25/2025 10:03 AM
Envelope: 5100276
Reviewer: Emily M.

judgment interest, litigation costs, reasonable attorney's fees, and any other relief this court deems appropriate and just.

## Count III
### Common Law Bad Faith

30.    Plaintiff reincorporates the allegations contained in paragraphs 1 through 29 of her Complaint as if fully set forth herein.

31.    The facts set forth above establish a claim for common law bad faith against AHLIC.

32.    Plaintiff has suffered damages due to AHLIC's bad faith actions and omissions in denying Plaintiff's disability coverage.

Wherefore, Macera respectfully requests that judgment enter against AHLIC awarding Plaintiff compensatory damages, double damages, treble damages, punitive damages, prejudgment and post-judgment interest, litigation costs, reasonable attorney's fees, and any other relief this court deems appropriate and just.

## Count IV
### R.I.G.L. § 9-1-45 Attorney's Fees

33.    Plaintiff reincorporates the allegations contained in paragraphs 1 through 32 of her Complaint as if fully set forth herein.

34.    Rhode Island law permits an award of reasonable attorney's fees when there is a complete absence of justiciable issues of fact or law in a contract dispute. See R.I.G.L. § 9-1-45.

35.    There is a complete absence of justiciable issues of fact or law with respect to AHLIC's contractual obligation to provide Plaintiff full coverage for her disability claim.

36.    Plaintiff is entitled to an award of reasonable attorney's fees pursuant to R.I.G.L. § 9-1-45 in an amount to be determined at a later date.

5

Case Number: WC-2025-0233
Filed in Washington County Superior Court
Submitted: 4/25/2025 10:03 AM
Envelope: 5100276
Reviewer: Emily M.

Wherefore, Macera respectfully requests that judgment enter against AHLIC in her favor, awarding Plaintiff her reasonable attorney's fees and costs incurred in connection with their legal dispute and litigation, together with any other relief the court deems appropriate and just.

## Count V
### R.I.G.L. § 9-1-30 – Declaratory Relief

37.    Plaintiff reincorporates the allegations contained in paragraphs 1 through 36 of her Complaint as if fully set forth herein.

38.    A legal controversy has arisen between the parties regarding the contractual rights, obligations and responsibilities of the parties under the Policy.

39.    The parties are entitled to a declaration by this Court as to the rights, responsibilities and obligations between the insurer and its insured under the Policy with respect to the future obligations of AHLIC to indemnify Macera for her disability claim under the Policy.

Wherefore, Macera respectfully requests that judgment enter in her favor on Count V of her Complaint against VMIC and that the Court issue, *inter alia*, the following declaratory relief:

(i)    That AHLIC is under a legal and contractual duty to indemnify Macera under the Policy for the losses sustained due to her disability;

(ii)   That Macera is entitled to reasonable attorney's fees, costs and expenses incurred both prior to and as a result of this litigation; and

(iii)  That Macera shall be awarded any and all other relief this Court deems just and appropriate.

6

Case Number: WC-2025-0233
Filed in Washington County Superior Court
Submitted: 4/25/2025 10:03 AM
Envelope: 5100276
Reviewer: Emily M.

## Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable and designates Damon P. Borrelli and Sean M. Parker as her trial counsel.

Plaintiff,
Alison Macera
By and through her attorney,

*/s/ Sean M. Parker*
Sean M. Parker (#10532)
BORRELLI LAW
5792 Post Road
East Greenwich, RI 02818
Tel: (401) 633-6339
Fax: (401) 633-6559
Email: sparker@borrelli.law

Dated:  April 24, 2025

7



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Alison Macera | WC-2025-0233 |
| v. | |
| American Heritage Life Insurance Co. d/b/a Allstate Benefits | |
| **Defendant** | |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, American Heritage Life Insurance Co. d/b/a Allstate Benefits, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised January 2023)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
- ☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
- ☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____
- ☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____
  _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: ___/___/___ Month / Day / Year | SERVICE FEE $_____ |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____ to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised January 2023)



*Served 5/2/25 1145Am By ∩z̃ᴄ ᴀw .280*



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

### SUMMONS

|  | **Civil Action File Number**<br>WC-2025-0233 |
|---|---|
| **Plaintiff**<br>Alison Macera<br>v.<br>American Heritage Life Insurance Co. d/b/a<br>Allstate Benefits<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Sean Michael  Parker |
|  | **Address of the Plaintiff's Attorney or the Plaintiff**<br>5792 Post Road<br>East Greenwich RI  02818-1129 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI  02879<br>(401) 782-4121 | **Address of the Defendant**<br>1776 American Heritage Drive<br>Jacksonville FL  32224 |

**TO THE DEFENDANT, American Heritage Life Insurance CO. D/B/A Allstate Benefits:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 4/25/2025. | /s/ Brenden Oates<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised January 2023)

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
05/02/2025
CT Log Number 549036314

## Service of Process Transmittal Summary

**TO:**   Elizabeth A. Fouts, VP Chief Legal Officer & Corp Secretary
Standard Insurance Company
1100 SW 6TH AVE
PORTLAND, OR 97204-1093

**RE:**   **Process Served in Florida**

**FOR:**   American Heritage Life Insurance Company  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ALISON MACERA vs. AMERICAN HERITAGE LIFE INSURANCE COMPANY |
| **CASE #:** | WC20250233 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/02/2025 at 14:05 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Standard Insurance Legal Sop  legalsop@standard.com |
| | Email Notification,  Elizabeth A. Fouts  lfouts@standard.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1200 South Pine Island Road |
| | Plantation, FL 33324 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, May 2, 2025
**Server Name:**                             Marty Wade

| Entity Served | American Heritage Life Insurance Co. |
|---|---|
| Case Number | WC-2025-0233 |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
| | | |



Case Number: WC-2025-0233
Filed in Washington County Superior Court
Submitted: 5/30/2025 12:12 PM
Envelope: 5151277
Reviewer: Brittany M.

STATE OF RHODE ISLAND                                   SUPERIOR COURT
WASHINGTON COUNTY

| | |
|---|---|
| ALSION MACERA, | |
|      Plaintiff, | |
| vs. | CIVIL ACTION NO. WC-2025-0233 |
| AMERICAN HERITAGE LIFE INSURANCE COMPANY DBA ALLSTATE BENEFITS, | |
|      Defendant. | |

## ENTRY OF APPEARANCE

PLEASE ENTER THE APPEARANCE of Paul E. Dwyer of McElroy, Deutsch, Mulvaney & Carpenter, LLP, as counsel for Defendant, American Heritage Life Insurance Company[1], in the above-referenced matter.

Defendant,
**American Heritage Life Insurance Company**

By its attorneys,

/s/ Paul E. Dwyer.
Paul E. Dwyer, Jr., Esq. (#3956)
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
117 Metro Center Blvd., Suite 1004
Warwick, RI 02886
(401)-298-9010
(401)921-2134 (fax)
pdwyer@mdmc-law.com

Dated: May 30, 2025

---

[1] Improperly plead as "American Heritage Life Insurance Company d/b/a Allstate Benefits". As of April 1, 2025, American Heritage Life Insurance Company no longer does business as Allstate Benefits.

Case Number: WC-2025-0233
Filed in Washington County Superior Court
Submitted: 5/30/2025 12:12 PM
Envelope: 5151277
Reviewer: Brittany M.

## CERTIFICATE OF SERVICE

I served this document through the Court's electronic filing system on this 30th day of May 2025 and email to the following party:

Sean M. Parker, Esq.
Borrelli Law
5792 Post Road
East Greenwich, RI 02818
sparker@borrelli.law

/s. Debra A. Bianco
Debra A. Bianco, Paralegal

**This document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.**